IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LYNN ANN PHILLIPS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Civil Action No. 24-16 |
| COMMISSIONER OF SOCIAL SECURITY | ) ) ) ) |
| Defendant. | ) ) |

O R D E R

AND NOW, this 24th day of March, 2025, upon consideration of the parties' cross-motions for summary judgment, the Court, after reviewing the Commissioner of Social Security's final decision denying Plaintiff's claim for disability insurance benefits under Subchapter II of the Act, 42 U.S.C. §§ 401 *et seq.*, finds that the Commissioner's findings are supported by substantial evidence and, accordingly, affirms.  *See* 42 U.S.C. § 405(g); *Biestek v. Berryhill*, 139 S. Ct. 1148, 1153-54 (2019); *Jesurum v. Secretary of U.S. Dep't of Health & Human Servs*, 48 F.3d 114, 117 (3d Cir. 1995) (citing *Brown v. Bowen*, 845 F.2d 1211, 1213 (3d Cir. 1988)).  *See also Berry v. Sullivan*, 738 F. Supp. 942, 944 (W.D. Pa. 1990) (if supported by substantial evidence, the Commissioner's decision must be affirmed, as a federal court may neither reweigh the evidence, nor reverse, merely because

1

it would have decided the claim differently) (*citing Cotter v. Harris*, 642 F.2d 700, 705 (3d Cir. 1981)).[1]

---

[1]     Plaintiff raises several arguments challenging the Administrative Law Judge ("ALJ")'s determination of her residual functional capacity ("RFC").  (Doc. No. 7).  Plaintiff contends that the ALJ failed to properly evaluate the treating medical source opinion of Sara Shellhammer, PA-C.  (*Id.* at 14-16).  Further, Plaintiff argues that the ALJ's mental RFC determination failed to incorporate all of her limitations.   (*Id.* at 16-19).   Lastly, Plaintiff posits that the ALJ failed to properly evaluate her subjective testimony.   (*Id.* at 19-21).   Upon consideration of the record, the Court disagrees with Plaintiff and finds the ALJ's RFC finding is supported by substantial evidence.

After reviewing all of the evidence, the ALJ determined that Plaintiff had the following RFC:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform sedentary work as defined in 20 CFR 404.1567(a) except the claimant can only operate foot controls with [the] right foot occasionally, she can operate foot controls with [the] left foot occasionally, occasionally reaching overhead to the left, and occasionally reaching overhead to the right.   For all other reaching she can reach frequently to the left, and can reach frequently to the right.   The claimant can climb ramps and stairs occasionally, never climb ladders, ropes, or scaffolds, balance frequently, stoop occasionally, kneel occasionally, crouch occasionally, and never crawl.   The claimant can work at unprotected heights occasionally, never moving mechanical parts, and can operate a motor vehicle occasionally.   She can work in humidity and wetness occasionally, in extreme cold occasionally, in extreme heat occasionally, [and] in vibration occasionally.   In addition to normal breaks, the claimant will be off task 10% of the time in an 8 hour work day due to the side effects of claimant's medication and the pain from her impairments.

(R. 23-24).   Plaintiff contends this RFC is the result of legal error because the ALJ improperly rejected Ms. Shellhammer's opinion, failed to incorporate all of her mental limitations, and improperly rejected her subjective testimony based on the fact that she was "stable."   (Doc. No. 7).   The Court finds no merit in any of these arguments for the following reasons.

Plaintiff contends that the ALJ "singularly focused" on her spinal disorders in rejecting Ms. Shellhammer's opinion without explaining how her fibromyalgia or narcotic

2

dependence factored into the analysis of this opinion. (Doc. No. 7 at 14-16). The Court disagrees. Ms. Shellhammer opined that Plaintiff was limited to less than sedentary work with additional postural, manipulative, environmental, off-task, and absenteeism limitations. (R. 27; Ex. 9F). The ALJ explained that he found this opinion not persuasive because while it was supported by citations to her examination of Plaintiff, the more severe limitations in her opinion were inconsistent with Plaintiff's mild spinal impairments and mostly normal examinations. (R. 27). Plaintiff contends that the ALJ overlooked Ms. Shellhammer's statements that Plaintiff's use of narcotics and muscle relaxers "can cause drowsiness." (Doc. No. 7 at 15). However, Ms. Shellhammer never indicated that Plaintiff actually experienced such side effects. Indeed, as Defendant correctly points out, the record shows that Plaintiff reported no side effects from her medications on multiple occasions. (*See, e.g.*, R. 628, 653, 776, 906, 988, 1105, 1118). The record did, however, evidence side effects causing 10% off-task time in addition to normal breaks, which the ALJ incorporated into Plaintiff's RFC. (R. 23, 27).

Additionally, the Court rejects Plaintiff's argument that the ALJ erred in his evaluation of Ms. Shellhammer's opinion because he failed to consider her use of narcotics to treat fibromyalgia. (Doc. No. 7 at 15-16 (citing *Payne v. Berryhill*, No. 18-76, 2019 WL 1082488 (W.D. Pa. Mar. 7, 2019)). However, as Defendant point out, unlike in *Payne*, the ALJ here did not rest his analysis on a statement that Plaintiff's fibromyalgia treatment was "limited and conservative." *Id.* at *2. Rather, here, the ALJ noted Plaintiff's use of narcotics to treat her fibromyalgia and chronic narcotic dependence throughout his decision. (R. 21, 24). Accordingly, the Court finds no merit in Plaintiff's arguments regarding the analysis of Ms. Shellhammer's opinion.

Plaintiff further contends that the ALJ erred by failing to explain why he declined to adopt Ms. Shellhammer's opined absenteeism limitations and failed to add limitations to account for her concentration and attention. (Doc. No. 7 at 16). Additionally, she argues that the ALJ should have found her to be disabled because she would be off-task 25% of the workday and absent two to four days per month. (*Id.*). The Court rejects both of these arguments because the record did not support adoption of these limitations in the RFC. As explained above, the ALJ properly rejected Ms. Shellhammer's opinion and was under no obligation to adopt her opined limitations. Further, the ALJ declined to adopt these more limiting off-task and absenteeism limitations based on the record evidence. Instead, the ALJ explained that he adopted certain off-task limitations into the RFC based on Plaintiff's pain. (R. 23-24). In sum, Plaintiff's arguments on these points are without merit.

Moreover, the ALJ accounted for all of Plaintiff's mental limitations in her RFC. Plaintiff contends that the ALJ ignored her non-severe mental impairments and the opinion of the psychological consultative examiner, Dr. Adrienne Gallo, Psy.D., when crafting the RFC. (Doc. No. 7 at 16-19). For the following reasons, the Court finds that the ALJ's

determination that Plaintiff had only mild limitations in the four broad areas of mental functioning and his analysis of Dr. Gallo's opinion are supported by substantial evidence.

Plaintiff's RFC adequately reflected the ALJ's finding that Plaintiff's mental impairments were non-severe at Step Two and his conclusion that Dr. Gallo's opinion was persuasive. After considering the record, the ALJ found that Plaintiff had only mild limitations in each of the four broad functional areas known as the "Paragraph B Criteria." (R. 21-22). These findings were consistent with the ALJ's conclusion that Dr. Gallo's opinion was persuasive as Dr. Gallo opined that Plaintiff had no limitations in almost all areas of mental functioning and only mild limitations in her ability to make judgments on complex work-related decisions, and interact appropriately with the public. (R. 27, 871-72). Plaintiff contends that the ALJ did not adequately explain why he accepted Dr. Gallo's opinion and then did not incorporate his opined mental limitations. (Doc. No. 7 at 18). The Court notes that the ALJ is under no obligation to incorporate certain limitations just because he or she finds an opinion persuasive. *See Wilkinson v. Comm'r of Soc. Sec.*, 558 Fed. Appx. 254, 256 (3d Cir. 2014). Moreover, the ALJ's finding of non-severe mental impairments and mild limitations in the Paragraph B Criteria is consistent with no resultant RFC limitations. *See D.C. v. Comm'r of Soc. Sec.*, No. 20-2484, 2021 WL 1851830, at *5 (D.N.J. May 10, 2021) (quoting *Ramirez v. Barnhart*, 372 F.3d 546, 555 (3d Cir. 2004)) (stating "[w]here the ALJ concludes that a claimant's deficiency is 'so minimal or negligible that . . . it would not limit her ability' to perform required work tasks, the ALJ may exclude that deficiency or limitation from the RFC without error.") Accordingly, substantial evidence supports the ALJ's mental RFC finding.

The Court also rejects Plaintiff's argument that the ALJ improperly rejected her subjective testimony based on her "stability." (Doc. No. 7 at 20-21 (citing *Morales v. Apfel*, 225 F.3d 310, 319 (3d Cir. 2000)). However, unlike in *Morales*, the ALJ here did not discount a treating physician's opinion because Plaintiff was "stable." *Id.* at 317-19. Rather, here, the ALJ considered Plaintiff's treatment notes, which documented that Plaintiff had stable pain, her spine fusion was stable, and her migraines were stable, and used this in combination with other evidence to reject Plaintiff's subjective complaints. (R. 26). The ALJ explained that the record was not entirely consistent with Plaintiff's subjective complaints as the record showed that Plaintiff reported many daily activities, denied needing reminders or having difficulty bending, reaching, following instructions, or completing tasks, and many examinations revealed that Plaintiff often walked with a normal gait, had a full range of motion, had no tenderness, and had intact strength and sensation. (*Id.*). All together, substantial evidence supports the ALJ's analysis of Plaintiff's subjective complaints. *See Jones o/b/o E.D. v. Kijakazi*, No. 1:21-CV-2133, 2022 WL 17660974, at *9 (M.D. Pa. Nov. 8, 2022), *report and recommendation adopted sub nom., Jones on behalf of E.D. v. Kijakazi*, No. 1:21-CV-02133, 2022 WL 17627776 (M.D. Pa. Dec. 13, 2022) (rejecting plaintiff's argument that the ALJ relied solely on

Therefore, IT IS HEREBY ORDERED that Plaintiff's Motion for Summary Judgment (Doc. No. 6) is DENIED and that Defendant's Motion for Summary Judgment (Doc. No. 10) is GRANTED.

<u>s/Mark R. Hornak</u>
Chief United States District Judge

ecf:      Counsel of record

---

statements that plaintiff's condition was "stable" in finding that she was not disabled as the ALJ fairly and carefully assessed evidence of plaintiff's improvement on medication in light of other factual, medical, and opinion evidence).

In sum, the ALJ's findings and conclusions are supported by substantial evidence. Accordingly, the decision of the Commissioner must be affirmed.